\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Accordingly, we grant the petition and remand to the Board for further proceedings concerning the nature of petitioners' contact with immigration officials in 1991.

**PETITION FOR REVIEW GRANTED; REMANDED.**

**Ana Lilia PANTOJA–ADAME, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–74503.**

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2006.\*

Decided April 17, 2006.

Kevin A. Bove, Esq., Escondido, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Carl H. Mcintyre, Jr., Genevieve Holm, Esq., Paul Fiorino, Esq., Anthony W. Norwood, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

R.App. P. 34(a)(2).

Before: SILVERMAN, MCKEOWN and PAEZ, Circuit Judges.

MEMORANDUM **

Ana Lilia Pantoja–Adame, a native and citizen of Mexico, petitions pro se for review of an order of the Board of Immigration Appeals dismissing her appeal from an immigration judge's ("IJ") order denying her application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review questions of law de novo, *see Cabrera–Alvarez v. Gonzales*, 423 F.3d 1006, 1009 (9th Cir.2005), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Pantoja–Adame failed to establish exceptional and extremely unusual hardship. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

Pantoja–Adame's argument that the IJ applied the wrong legal standard in determining hardship fails because the IJ's interpretation of "exceptional and extremely unusual hardship" falls well within the broad range authorized by the statutory language. *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004–06 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

